**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES**

**NO. 25-cr-181-JWD-EWD**

**VERSUS**

**EVODIO MERIDA-TAVERA**

## DEFENDANT'S MEMORNADUM IN OPPOSITION TO GOVERNMENT'S PROPOSAL TO INTRODUCE PRIOR ACTS OF DEFENDANT PURSUANT TO FRE 608(b)

Federal Rule of Evidence 608(b) provides that, except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. The rule does allow the Court, in its discretion, to allow such instances to be inquired into on cross-examination if they are probative of the character for truthfulness or untruthfulness of the witness.

The prosecution seeks to cross-examine Mr. Tavera (if he testifies) on allegations that he was given a traffic ticket in 2019 for failure to stop at a stop sign and no driver's license; he used somebody else's social security number while working; used a fake Arkansas driver's license to register a car in Louisiana; he did not file State tax returns; he did not file federal tax returns, and that he is in the country illegally.

In *United States v. Tomblin*, 46 F. 3d 1369 (U.S. 5th Cir. 1995), the Court commented on F.R.E. 608(b), noting that the government is entitled to cross-examine properly and effectively a witness in effort to elicit the truth, citing *United States v. Havens,* 446 U.S. 620 (1980). However, the 5th Circuit noted that a prosecutor may not use impeachment as a guise for submitting to the jury substantive evidence that is otherwise unavailable. *U.S. v. Silverstein,* 737 F. 2d 864 (10th Cir. 1984). Rule 608 authorizes inquiry only into instances of misconduct that are clearly probative

of truthfulness or untruthfulness such as perjury, fraud, swindling, forgery, bribery, and embezzlement *U.S. v. Leake*, 642 F. 2d 715 (4th Cir. 1981)

Failure to file tax returns is not the type of conduct that falls within the category of acts that are clearly probative for truthfulness or untruthfulness under 608(b). In *United States v. Dennis*, 625 F. 2d 782 (8th Cir. 1980), a defendant wanted to question a prosecution's witness about that witness's tax problems. The Court held that civil tax problems cannot be regarded as indicating a lack of truthfulness under 608(b).  In the *United States v. Darwin,* 757 F. 2d 1193 (11th Cir. 1985), the Court found that cross-examination concerning a witness's income tax returns had limited relevancy and held that the court properly curtailed the examination.

Prior wrongful acts not resulting in criminal convictions are ordinarily collateral matters about which a witness may not be impeached with extrinsic evidence. Because failure to file a tax return or using a fake driver's license are not criminal convictions, they cannot be proved through documents, records, or other extrinsic proof.  *U. S. v. Herzberg*, 558 F. 2d 1219 (5th Cir. 1977).

The above cited cases demonstrate that the Court should consider the similarity of the underlying "untruthful act" to the crime charged.  In this case, Mr. Merida-Tavera backed his car into a Government vehicle.  He told the FBI who interviewed him that same day that it was a mistake.  He has said that several times in recorded jail house phone calls – that it was an accident. The Government, however, thinks he is lying.  The Government thinks  he did it on purpose.  To bolster their theory, the Government wants to use these other acts to convince this Court that he is being untruthful as to how this accident happened.  There is absolutely no relationship between not filing tax returns and using a fake driver's license and describing how an accident happened. In fact, there are very legitimate reasons people do not file State and Federal tax returns which have nothing to do with dishonesty.

We have no objection to the Government introducing evidence from a traffic ticket from seven years ago for failure to stop at a stop sign if the Government really believes that is probative for untruthfulness.

Respectfully submitted:

/s/John S. McLindon
John S. McLindon
Attorney at Law   LA Bar No.19703
7967 Office Park Blvd., Suite B
Baton Rouge  LA  70809
Telephone: 225-408-0362
Cell: 225-603-6493
Email: john@mclindonlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of June, 2026, the foregoing was filed electronically with the Clerk of Court using CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/John S. McLindon
JOHN S. McLINDON