**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 25-181-JWD-EWD |
| | : | |
| EVODIO MERIDA-TAVERA | : | |

**UNITED STATES' PRE-TRIAL BRIEF ON EVIDENCE**

**NOW INTO COURT** comes the United States of America, by Kurt Wall, United States Attorney for the Middle District of Louisiana, through Jeremy S. Johnson, Assistant United States Attorney, and Allen L. Ross, Special Assistant United States Attorney in the is Pre-Trial brief concerning certain evidence.

## I.     608(b) CROSS EXAMINATION EVIDENCE

In its trial brief, the defense focuses the Court's attention on the defendant's intent and state of mind. *See* Rec. Doc. 36. Therefore then, if the defendant testifies, his credibility will be an important issue for the Court to consider. Under Federal Rules of Evidence 608 (b), a court may allow a party to inquire into specific instances of a witness's conduct if it is probative of their character for truthfulness. Unlike Federal Rules of Evidence 404(b), 608 (b) has no notice requirement. *United States v. Tomblin*, 46 F.3d 1369 (5th Cir. 1995). "The district court has substantial discretion in determining whether the probative value of the testimony substantially outweighs the danger of unfair prejudice." *United States v. Oti*, 872 F.3d 678, 694 (5th Cir. 2017) (*citing United States v. Farias-Farias*, 925 F.2d 805, 809 & 811 n.11 (5th Cir. 1991)). Since the defendant's credibility is an important issue for the Court to consider, his character for truthfulness is highly probative in this case. Tomblin, 46 F.3d at 1388 ("A defendant makes his

character an issue when he testifies); *see also United Staes v. Akpan*, 407, F.3d 360, 373 -374 (5th Cir. 2005).

Therefore, if the defendant testifies the United States plans to ask him relating to whether if he has worked under someone's else's SSN (***-**-6754) since 2010, the amount of money he has earned under that SSN (***-**-6754) and if he has ever filed federal or Louisiana state income taxes under that SSN (***-**-6754)[1], and whether he has utilized a fraudulent Arkansas Drivers' license before. These lines of questioning are permissible and highly relevant.[2][3] For example, questions about past specific instances of misconduct pertaining to fraud are admissible under Federal Rule of Evidence 608(b) because they are "clearly probative of truthfulness or untruthfulness." *Id.* at 693 - 694. (citing *United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir. 1995). The false use of social security numbers is relevant to credibility and admissible under 608(b). *See United States v. Weeke*s, 611 F.3d 68, 71 (1st Cir. 2010) ("the testimony about the social security numbers obviously went to credibility and was therefore admissible under Federal Rule of Evidence 608(b)"). Additionally, the failure to file tax returns is probative to character for truthfulness. *United States v. Bustamante*, 45 F.3d 933, 945 (5th Cir. 1995); *see also Chnapkova v. Koh*, 985 F.2d 79, 82 (2d Cir.1993) ("The total failure to file tax returns for a period of eight years should be similarly admissible on the issue of ... truthfulness, subject to the discretionary considerations in Rules 403 and 608(b)."), *abrogated on other grounds, Jaffee v. Redmond, 518 U.S. 1 (1996).* Therefore, if the defendant elects to testify then he makes his

---

[1] Also relevant here is the amount of money being withheld in federal income tax on his W2s, for example, which appears to be $0 in 2025 when he earned $53,281, $72.30 in 2024 when he earned $57, 117.44, $561.76 in 2023 when he earned $55,481.80, and $575.45 in 2022 when he earned $52,193.23.

[2] The United States has a good faith basis to ask these questions based on the documents that the United States has provided the defense.

[3] Additionally, since the defendant was apprehended near his employer it is expected that there will be some evidence about his work introduced at trial, and his illegal activities with the SSN and failure to file taxes relate to his work.

character for truthfulness relevant under Federal Rules of Evidence 608(b), and he may be cross-examined on matters relating to his credibility such as working under someone else' social security number, utilizing a fraudulent Arkansas drivers' license, and whether he has filed tax returns.

## II.      REBUTAL OF ANY FALSE IMPRESSION

In his statement to the FBI, the defendant said he did nothing wrong and seemly implied he was law abiding. If there is testimony that creates the impression that the defendant is purely law abiding, the United States would like to introduce evidence of the defendant's use of another's SSN number, earning wages and failure to file taxes, and the use of a fraudulent Arkansas Drivers' license. Extrinsic evidence can be admitted to rebut a false impression. *See United States v. Landry*, 631 F.3d 597, 605 (1st Cir. 2011). The United States would be able to rebut this impression with records and testimony.

## III.      CROSS EXAMINATION OF ANY DEFENDANT CHARACTER WITNESS

It is currently not known whether the defendant will offer reputation or opinion character evidence under Federal Rules of Evidence 405(a). If so the United States would plans to ask  any such witnesses about the defendant's other bad acts, such as use of another SSN for work, failure to file taxes, and use of Arkansas Drivers' License. See United States v. Dillard, 354 Fed. Appx. 852, 860 (5th Cir. 2009) ("If the defendant in a criminal trial puts on proof of his own good character, the prosecution may rebut this evidence by cross-examining the defendant's character witness. Fed.R.Evid. 405(a). The prosecutor may do this by asking the witness about specific instances of bad conduct by the defendant.") (citing *United States v. Wells,* 525 F.2d 974, 976 (5th Cir.1976) ("Once a witness has testified concerning a defendant's good character, it is permissible during cross examination to attempt to undermine his credibility by asking him

whether he has heard of prior misconduct of the defendant which is inconsistent with the witnesses' direct testimony.")).

## IV.    CONCLUSION

The United States respectfully submits this trial pre-brief in regard to evidentiary matters set forth above.

UNITED STATES OF AMERICA, by

KURT L. WALL
UNITED STATES ATTORNEY

/s/ Jeremy S. Johnson
Jeremy S. Johnson, TXBN 24094755
Assistant United States Attorney
451 Florida Street, Suite 300
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: jeremy.johnson@usdoj.gov


/s/ Allen L. Ross
Allen L. Ross, LBN 36654
Special Assistant United States Attorney
451 Florida Street, Suite 300
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: allen.ross@usdoj.gov